UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

AMBER PIEKARSKI,

    Plaintiff,

v.

GOODTIMES BOAT RENTAL & SALES,
LLC, a Florida limited liability company;
POP'S PORT-O-CALL, INC., a Florida
for-profit corporation; GARY A. STEWART,
an individual; and SEAN A. STEWART, an
individual,

    Defendants.
_____/

## **COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED**

Plaintiff, AMBER PIEKARSKI, ("PIEKARSKI"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, GOODTIMES BOAT RENTAL & SALES, LLC, a Florida limited liability company., (hereinafter "GOODTIMES BOAT"); POP'S PORT-O-CALL, INC. a Florida for-profit corporation ("POP'S"), GARY A. STEWART, an individual, (hereinafter "G. STEWART"), and SEAN A. STEWART, an individual, (hereinafter "S. STEWART"), and states as follows:

## **INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

# JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, GOODTIMES BOAT and POP'S were "enterprise[s] engaged in commerce," and each employed two or more employees. At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operated a boat rental business and a bar. The Defendants' bar is located next door to their boat rental business. Plaintiff, who worked providing drinks and fishing related services to the Defendants' customers, engaged in work that involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce.

4. POP's and GOOD TIMES operated as a single, unified business enterprise, and jointly employed the Plaintiff.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

   b. Defendants were and continue to be companies and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, PIEKARSKI was and continue to be a resident of North Port, Sarasota County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendants, GOODTIMES BOAT and POP'S, were conducting their businesses in Port Charlotte, Charlotte County, Florida, with their principal places of business in that city.

11. At all times material hereto, Defendants, GOODTIMES BOAT, POP'S, G. STEWART and S. STEWART were the employers of Plaintiff, PIEKARSKI.

12. At all times material hereto, Defendants, GOODTIMES BOAT, POP'S, G. STEWART and S. STEWART were and continue to be "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants, GOODTIMES BOAT, POP'S, G. STEWART and S. STEWART knowingly and willfully failed to pay Plaintiff, PIEKARSKI her lawfully earned wages in conformance with the FLSA.

14. Defendants, GOODTIMES BOAT, POP'S, G. STEWART and S. STEWART committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendants, GOODTIMES BOAT and POP'S were and continue to be an "enterprise[s] engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, PIEKARSKI was directly essential to the businesses performed by Defendants.

17. Plaintiff, PIEKARSKI has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about March 1, 2014, Plaintiff began working for Defendants as a customer service representative for GOODTIMES BOAT, as well as a bartender for POP'S. She worked intermittently until on or about March 28, 2017.

19. Defendants failed to pay Plaintiff, PIEKARSKI any wages.

20. In addition, Plaintiff, PIEKARSKI was not paid overtime wages for her work hours in excess of 40 in each workweek.

21. Defendants knowingly, maliciously and willfully operated their businesses with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

22. Defendants, G. STEWART and S. STEWART were supervisors and/or owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

23. Defendants, G. STEWART and S. STEWART were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, PIEKARSKI.

24. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM:**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

25. Plaintiff, PIEKARSKI repeats and realleges Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff, PIEKARSKI's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

27. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff, PIEKARSKI was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

28. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, PIEKARSKI, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

29. Defendants knew of and/or showed a willful and malicious disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, PIEKARSKI, at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

30. Defendants failed to properly disclose or apprise Plaintiff, PIEKARSKI, of her rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, PIEKARSKI is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful actions of the Defendants, Plaintiff, PIEKARSKI has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, PIEKARSKI, respectfully requests that judgment be entered in her favor against the Defendants:

    a.      Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.      Awarding Plaintiff overtime compensation in the amount calculated;

    c.      Awarding Plaintiff liquidated damages in the amount calculated;

    d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.      Awarding Plaintiff post-judgment interest; and

f.  Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

34. Plaintiff realleges Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

35. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

36. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

37. Plaintiff worked hours for the Defendants for which she was paid below the statutory minimum wage for all of her hours.  Indeed, Plaintiff, PIEKARSKI, was paid no wages for any of her work hours

38. The Defendants' failure to pay Plaintiff the proper minimum wage was willful.

39. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a.  judgment in her favor for all unpaid minimum wages due or payable;

b.  liquidated damages;

c.  attorney's fees and costs pursuant to the FLSA;

d.  post-judgment interest; and

e.  all other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: May 4, 2017.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: /. Peter J. Bober, Esq.
PETER BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248